IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINTAN J. KIMBROUGH,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY CORRECTIONS,<br>MALIK MILLER, BRANDEN C. GUNN,<br>ZACK WILLIAMS, and BARRETO,<br><br>Defendants. | 8:23CV49<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, Motion to strip all defendants of immunity, Filing No. 7, and Motion for subpoena, Filing No. 9. For the reasons set forth below, the Court will grant the IFP motion, will deny the motion for subpoena, and will defer ruling on the motion to strip immunity.

**I. IFP**

Plaintiff filed an IFP motion on February 2, 2023. Filing No. 2. The Court has received a copy of Plaintiff's trust account information. Filing No. 8. Plaintiff is permitted to proceed IFP.

Prisoner plaintiffs are required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their

filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. Here, the Court finds the initial partial filing fee is $6.22, based on average monthly deposits in the amount of $31.11.[1] Plaintiff must pay this initial partial filing fee within 30 days or his case will be subject to dismissal. Plaintiff may request an extension of time if one is needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the Court.

---

[1] The trust account statement provided by the correctional institution where Plaintiff is housed appears to indicate his average monthly trust account balance is $27.39. Filing No. 8 at 1. As the average monthly balance is less than the average monthly deposit amount, the average monthly deposit amount is used for filing fee payment calculation purposes pursuant to 28 U.S.C. § 1915(b)(1).

2

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. See *In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

## II. Immunity

Plaintiff seeks an order removing "all ammunity [sic] from its defendants." See Filing No. 7. In the Complaint, Plaintiff names Douglas County Correctional Center and four of its employees as defendants. Filing No. 1 at 3–4. As such, the Court liberally construes Plaintiff's motion as seeking a determination that any immunities that may attach to governmental entities and their employees, as they relate to the claims set forth in Plaintiff's Complaint, be found inapplicable.

Plaintiff is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business and will address any issues relating to immunity raised in Plaintiff's motion at that time.

## III. Subpoena

Plaintiff has also filed two form subpoenas for production or inspection which the Court has docketed as a motion for subpoena. Filing No. 9.[2] Plaintiff's motion is premature as, although the Court grants the IFP Motion in this Order, the filing fee has yet to be paid and the Court has not yet performed an initial review of the Complaint. See

---

[2] One of the form subpoenas lists Case No. "8:20cv0026" in the caption, but Plaintiff is not a party to that case. To the extent Plaintiff may have intended the subpoena for his past case at Case No. 8:20cv262, his motion for a subpoena is denied as judgment was entered on September 22, 2020, in Case No. 8:20CV262 pursuant to Plaintiff's motion for voluntary dismissal and the case remains closed. See Filing Nos. 10 & 11, Case No. 8:20CV262.

*Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) ("Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint. But district courts cannot issue summonses in *in forma pauperis* prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 28 U.S.C. § 1915A(b).") (citation omitted)); *Strawder v. Rollins*, No. 8:18CV47, 2018 WL 1136898, at *1 (D. Neb. Mar. 1, 2018) (dismissing motion for discovery without prejudice subject to refiling as premature as Plaintiff had not yet paid his initial partial filing fee and because initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) had not yet occurred). As no discovery may take place until after an initial review is performed and the Court determines this matter may proceed to service of process, the motion for subpoena shall be denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for subpoena, Filing No. 9, is denied without prejudice.

2. Plaintiff's Motion for Leave to Proceed IFP, Filing No. 2, is granted.

3. Plaintiff must pay an initial partial filing fee of $6.22 within 30 days unless the Court extends the time in which he has to pay in response to a written motion.

4. After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the Court.

5. The Clerk's Office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

6. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **March 24, 2023**: initial partial filing fee payment due.

4

7.	Plaintiff is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court shall defer ruling on Plaintiff's motion to remove immunity, Filing No. 7, until it performs the initial review, which will be conducted in the Court's normal course of business after the initial filing fee has been received.

Dated this 27th day of February, 2023.

BY THE COURT:

*Joseph F. Bataillon*
Joseph F. Bataillon
Senior United States District Court