IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINTAN J. KIMBROUGH, | |
| Plaintiff, | **8:23CV49** |
| vs. | |
| DOUGLAS COUNTY CORRECTIONS, MALIK MILLER, BRANDEN C. GUNN, ZACK WILLIAMS, and BARRETO, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff, a prisoner proceeding in forma pauperis, filed a civil Complaint on February 2, 2023, Filing No. 1, as well as three supplements, Filing No. 15, Filing No. 16, and Filing No. 17, a "Motion to Strip Immunity," Filing No. 7, a "Motion of Protection," Filing No. 20, two Motions for "Process of Relief," Filing No. 21, Filing No. 24, which this Court construes as seeking leave to supplement the Complaint, and a motion for "Subpoena," Filing No. 22.

The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A, and for the reasons set forth below, finds that it is, but in lieu of dismissal sua sponte grants Plaintiff leave to amend the Complaint. The Court shall grant both motions for Process of Relief, shall deny the Motion to Strip Immunity, the Motion of Protection, and the motion for Subpoena without prejudice as premature.

## I.  MOTIONS FOR PROCESS OF RELIEF

Plaintiff filed two motions titled "Motion for Process of Relief."  Filing No. 21 and Filing No. 24.  The Court construes these motions as motions seeking leave to supplement his Complaint.  The Motions are granted.  The Court shall consider the factual allegations contained in the Motions for Process of Relief along with the Complaint and supplements when performing this review.

## II.  INITIAL REVIEW

### A.  Summary of Complaint

Plaintiff, a pre-trial detainee, brings this 42 U.S.C. § 1983 suit against officers Malik Miller, Branden C. Gunn, Zack Williams, and Barreto as defendants (collectively "Defendants") in their official capacities, alleging claims arising from his confinement while housed at the Douglas County Correctional Center ("DCCC").[1]  Filing No. 1 at 3–4.

Although Plaintiff's Complaint does not allege specific constitutional violations, from the facts alleged Plaintiff appears to assert various constitutional claims beginning in July of 2022 through the date the Complaint was filed against Defendants for threats and harassment, housing him in administrative segregation without cause or due process, placing him in noisy and unsanitary conditions, deliberate indifference to medical needs for failure to provide him medical documents relating to his mental health diagnoses, retaliation for filing prison grievances, and withholding access to his legal papers.  Filing No. 1 at 5–16; Filing No. 15; Filing No. 21 at 2–6; Filing No. 24 at 2–4.

---

[1] The DCCC is operated by Douglas County, Nebraska.  *See* Douglas County Department of Corrections, https://corrections.dccorr.com/ (last accessed Sept. 28, 2023).

As relief Plaintiff seeks for all Defendants to no longer work in the correctional field, to have all Defendants' right to bear arms stripped, to receive a pardon, for fellow inmate Jorden Johnson to receive a downward departure in his sentence, to have Plaintiff's and Jorden Johnson's records expunged, for the Court to consider downward departures for several other inmates, for Plaintiff to be returned to "general population," and for $4,000,000.00 in damages. Filing No. 1 at 6–8.

### B.  Initial Review Standard

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase*

3

*Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### C.  Discussion

To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Generally, public employees act under color of state law while acting in their official capacities or while exercising their responsibilities pursuant to state law.  *Id.* at 50.

Here, Plaintiff sues all Defendants, all of whom are county employees of DCCC, in their official capacities only.  Filing No. 1 at 3–4.  Where claims are made against defendants in their official capacities such claims are construed as filed against the officers' employing entity, which here is Douglas County.  *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (citation omitted)).

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of a plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*,

4

436 U.S. 658, 694 (1978)).  Here, Plaintiff does not allege any policy or custom of Douglas County caused his injuries.  *See generally* Filing No. 1 at 5–16; Filing No. 15; Filing No. 16; Filing No. 17; Filing No. 21 at 2–6; Filing No. 24 at 2–4.   As such, Plaintiff failed to allege a plausible claim for relief against any defendant in their official capacity, and as Plaintiff only sued Defendants in their official capacities, the Complaint must be dismissed as pleaded.

The Court may however, *sua sponte*, grant Plaintiff leave to amend his Complaint to, for example, allow Plaintiff to sue Defendants in their individual capacities.  Here, while Plaintiff's Complaint contains allegations which may support individual capacity claims, as relief Plaintiff seeks to have all Defendants terminated from their employment and permanently banned from employment in the corrections field, to have all Defendants' right to bear arms stripped, to receive a pardon, for fellow inmate Jorden Johnson to receive a downward departure in his sentence and for the Court to consider the same for several other inmates, to have Plaintiff's and Jorden Johnson's records expunged, for Plaintiff to be returned to "general population," and compensatory damages.  Filing No. 1 at 6–8.  Allowing amendment may be of limited value as most of the relief sought is not available to Plaintiff even if Defendants were sued in their individual capacities.

The Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626, limits prospective relief to an order correcting the violation.  *See Farner v. Duncan*, No. 16-CV-310-NJR, 2016 WL 3254519, at *4 (S.D. Ill. June 14, 2016) (citing 18 U.S.C. § 3626(g)(9), (g)(7); *Rowe v. Jones*, 483 F.3d 791, 795 (11th Cir. 2007)).  Prospective relief is defined as including "all relief other than compensatory monetary damages."  18 U.S.C. § 3626(g)(7).   Therefore, to the extent Plaintiff seeks termination of Defendants'

employment, limitations on future employment, limitations on Defendants' right to bear arms, receipt of a pardon,[2] and expungement of records, such relief is outside the scope of this Court's authority under the PLRA.  Further, Plaintiff seeks relief on behalf of Jorden Johnson and other inmates who are not parties to this action, Filing No. 1 at 6, which he is prohibited from doing.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  As such, any relief sought for any of the non-party inmates mentioned in Plaintiff's Complaint and supplement also cannot be addressed by this Court in this action.

Finally, while monetary damages are appropriate remedies in § 1983 individual capacity suits, the PLRA also contains limitations on compensatory damages applicable here.  Specifically, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e). This statute applies to all federal actions brought by prisoners, including actions alleging violation of the First Amendment.  *Sisney v. Reisch*, 674 F.3d 839, 842-43 (8th Cir. 2012).  While a prisoner cannot recover compensatory damages without a prior showing of physical injury, but can seek nominal damages, punitive damages, injunctive relief, or a declaratory judgment without such a showing. *See Royal v. Kautzky,* 375 F.3d 720, 723 (8th Cir. 2004).  Nominal damages of $1.00 are available to vindicate a violation of rights

---

[2] In his request for relief, Plaintiff asks for a "pardon."  Filing No. 1 at 8.  The Court is uncertain as to exactly what Plaintiff means by a "pardon."  However, to the extent Plaintiff is requesting release from custody, "such relief is not available under 42 U.S.C. § 1983 but is properly sought in a habeas corpus petition after exhaustion of state remedies." *Carter v. Bickhaus*, 142 F. App'x 937, 938 (8th Cir. 2005) (unpublished) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487–90 (1973)). The Court, therefore, will dismiss Plaintiff's request for a "pardon" without prejudice to reassertion in a petition for a writ of habeas corpus challenging his civil commitment after properly exhausting his state court remedies. *See Carroll v. Hamik*, No. 8:20CV160, 2021 WL 5040370, at *5 (D. Neb. Oct. 29, 2021).

with no actual injury. *Id.* at 724. Punitive damages are available only when a defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to protected federal rights. *Id.*

This Court is not aware of any caselaw indicating that "worsening of mental or emotional symptoms alone, qualify as a compensable physical injury." *See Pyle v. Robin Sims*, No. 5:15-CV-05245, 2017 WL 663518, at *3 (W.D. Ark. Jan. 30, 2017) ("A survey of all circuits indicated symptoms such as anxiety, sleeplessness, and hallucinations, even if considered to have some physical manifestation or component, do not pass the *de minimis* injury hurdle."), *report and recommendation adopted sub nom. Pyle v. Sims*, No. 5:15-CV-05245, 2017 WL 662991 (W.D. Ark. Feb. 17, 2017). Therefore, as Plaintiff does not allege any physical injuries resulting from Defendants actions, instead alleging exacerbation of his PTSD and anxiety, it appears Plaintiff is not eligible for compensatory damages even if brought against Defendants in their individual capacities. Petitioner is, however, *potentially* able to pursue nominal and punitive damages as well as a return to general prison population as relief if his complaint is amended to included cognizable individual capacity claims.

As not all remedies are eliminated if the suit were brought against Defendants in their individual capacities, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against the Defendants in their individual capacities if he so chooses. *Plaintiff should be mindful to clearly identify the Defendants, explain what Defendants did to him, when Defendants did it, how Defendants' actions harmed him, what specific legal rights Plaintiff believes Defendants violated, the remedies sought, and the jurisdictional*

7

*basis for this Court to review his claim(s).*  If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, the claims against Defendants will be dismissed without prejudice and without further notice.  The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

### III.  MOTION TO STRIP IMMUNITY

Plaintiff filed his "Motion to Strip Immunity," Filing No. 7, presumably seeking the removal of any immunity defenses which may be applicable to Defendants.  Plaintiff's Motion to Strip Immunity must be denied for several reasons.

First, while qualified immunity can be defeated in some scenarios, *see Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (qualified immunity protects government officials only to extent that their conduct does not violate clearly established rights of which a reasonable person should have known), specific facts need to be alleged to support such a finding, *Corman v. Stenehjem*, No. 3:12-CV-53, 2013 WL 248100, at *3 (D.N.D. Jan. 23, 2013).  Plaintiff alleges no fact in support of his position.

Second, and more importantly, Plaintiff's Complaint requires amendment for any claim to proceed.  Therefore, no immunity defenses have been presented, rendering Plaintiff's motion to strip immunity premature.   As such, Plaintiff's Motion to Strip Immunity, Filing No. 7, shall be denied without prejudice.

### IV.  MOTION FOR SUBPOENA

Plaintiff filed a Subpoena seeking mental health records from the Douglas County Corrections "Wellpath" from April 18, 2020, until August 14, 2023, when the Subpoena was filed including records indicating who diagnosed Plaintiff, what he was diagnosed

with, when the diagnosis was made, and what Plaintiff was prescribed and by who.  Filing No. 22 at 1.

The Subpoena, however, is premature as the Court has yet to determine the Complaint may proceed to service of process.  *See Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) ("Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint. But district courts cannot issue summonses in in forma pauperis prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 1915A(b).") (citation omitted).  It follows that no discovery may take place until after the Court determines this matter may proceed to service of process, which here, cannot take place until Plaintiff files an amended complaint and this Court determines that amended complaint or a portion thereof may proceed.  As such, the Motion for Subpoena shall be denied without prejudice.

## V.  MOTION FOR PROTECTION

Plaintiff filed a "Motion for Protection" enjoining and restricting all defendants from engaging in any conduct with Plaintiff and that "limits the continued loss of property" Plaintiff has suffered.  Filing No. 20.

In determining whether a preliminary injunction should issue, the Court is required to consider the factors set forth in *Dataphase Systems, Inc. v. C.L. Sys. Inc.,* 640 F.2d 109, 114 (8th Cir.1981) (*en banc*).  A district court should weigh "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Id.*  A preliminary injunction is considered an extraordinary remedy, and the burden of proving each of the *Dataphase*

9

factors lies with the party seeking the injunction.  *Watkins v. Lewis,* 346 F.3d 841, 844 (8th Cir.2003).

Here, Plaintiff does not address any of the factors required for issuance of an injunction. Accordingly, his Motion for Protection, Filing No. 20, shall be denied without prejudice.

IT IS THEREFORE ORDERED:

1.     Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order.  If Plaintiff fails to file an amended complaint, his claims against all Defendants will be dismissed without further notice.

2.     The Clerk's Office is directed to send to Plaintiff a copy of the civil complaint form.

3.     The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **October 30, 2023:** Check for amended complaint.

4.     Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

5.     Plaintiff's Motions for Protection, Filing No. 20, Subpoena, Filing No. 22, and the Motion to Strip Immunity, Filing No. 7, are denied without prejudice.

6.     Plaintiff's Motions for Process of Relief, Filing No. 21, Filing No. 24 are granted.  The factual allegations contained in each motion, Filing No. 21 at 2–6; Filing No. 24 at 2–4, are considered as supplements to the Complaint.

10

Dated this 28th day of September, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge