IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINTAN J. KIMBROUGH,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MALIK MILLER,<br><br>　　　　　　Defendant. | 8:23CV49<br><br>**MEMORANDUM AND ORDER** |

　　The plaintiff, Quintan J. Kimbrough, is suing Douglas County Corrections Officer Malik Miller pursuant to 42 U.S.C. § 1983 for allegedly violating Kimbrough's First Amendment rights. The defendant moved for summary judgment. Filing No. 44. Plaintiff did not respond to the motion, and the deadline for doing so has passed.

　　For the reasons explained below, Defendant's motion for summary judgment will be granted.

I. STANDARD OF REVIEW

　　Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.*

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Id.* Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Id.* But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. *Id.* In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis Cnty.*, 653 F.3d 745, 751 (8th Cir. 2011). The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could conceivably find for the nonmovant. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Torgerson*, 643 F.3d at 1042.

## II. BACKGROUND

At all relevant times, Plaintiff was an inmate at the Douglas County Correctional Center ("DCCC"), and Defendant Miller was a corrections officer for the Douglas County Department of Corrections ("DCDC") and worked at the DCCC facility. Filing No. 46 at 1.[1] On December 17, 2022, Plaintiff filed three formal complaints, "Kites," accusing Defendant of wrongdoing. Filing No. 46 at 1-2. In the first, submitted at 1:08 p.m., Plaintiff claimed Miller treated him unprofessionally and denied his request for disinfectant spray to clean his room after recreation time was over. Filing No. 46 at 1. Only four minutes later,

---

[1] In support of his motion for summary judgment, Defendant filed a statement of undisputed material facts, with pinpoint citations to the record, as required under Nebraska Local Rule 56.1(a)(2). Plaintiff did not respond to Defendant's motion. Defendant's statement of facts is therefore deemed admitted. NECivR 56.1(b)(1)(B) ("Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response.").

2

Plaintiff submitted a second Kite alleging multiple officers, including Miller, were required to "keep separate" from him and failed to do so. Filing No. 46 at 2. The third Kite, submitted at 2:26 p.m., alleged several officers, including Miller, had harassed Plaintiff by calling him a "pussy" several times and then moved him to a new room in a new module based solely on a fabricated incident report. Filing No. 46 at 2.

Inmate grievances are not disclosed to the corrections officers named therein. When investigating grievances, officers may be asked about an inmate, or their interaction with an inmate, but they are not informed of any grievances. Filing No. 46 at 4. Consistent with this policy, before responding to Plaintiff's complaints, Lieutenant Sullivan asked Miller about his interactions with Plaintiff, but he did not inform Miller that Plaintiff had submitted allegations of wrongdoing against Miller. Filing No. 46 at 2. Lieutenant Sullivan concluded Plaintiff's complaints had no merit. Filing No. 46 at 2, 4.

On December 19, 2022, Miller filed two disciplinary misconduct reports against Plaintiff. Filing No. 46 at 2-3. In one report, Miller stated he discovered Plaintiff was violating prison rules by having two wristbands, one of which appeared to be altered, and not wearing a wristband. Miller secured and preserved the wristbands as evidence supporting the misconduct report. Filing No. 46 at 3. In the other report, Miller accused Plaintiff of repeatedly, and in a menacing tone, asking Miller where he lives and making statements such as, "let's see how tough you are outside of here when I send my people after you." Filing No. 46 at 2. Miller stated he previously told Plaintiff several times to cease making these statements because they were inappropriate, but Plaintiff would not stop. In response to each of Miller's reports, Plaintiff was placed on lockdown pending a hearing. Filing No. 46 at 2-3.

Plaintiff alleges Miller's misconduct reports were false, resulting in Plaintiff being transferred and locked down against his will pending a hearing on his conduct. Filing No. 1 at 8; Filing No. 34. Although Plaintiff alleges a witness overheard Miller say that he was fabricating some of the allegations to make them more believable and elicit a harsher punishment, Filing No. 1 at 8, Plaintiff did not submit evidence from this witness in response to the summary judgment motion. Based on the undisputed evidence, Miller did not fabricate all or part of the statements within any inmate misconduct report, Filing No. 46 at 3, and he was not aware that Plaintiff had filed a grievance against him until the filing of this lawsuit. Filing No. 46 at 2.

Hearings on the misconduct reports were convened before the DCDC Disciplinary Hearing Committee. Plaintiff was afforded an opportunity to present evidence and call witnesses at the hearings. Consistent with DCDC policy, Miller was not involved in the disciplinary hearings against Plaintiff. Filing No. 46 at 3. At the conclusion of the hearings, Plaintiff was found guilty of the wristband violations and committing a second offense of making threats to a corrections officer. Filing No. 46 at 3.

### III. DISCUSSION

Plaintiff's complaint alleges Miller filed misconduct reports against Plaintiff in retaliation for grievances Plaintiff filed against Miller. Filing No. 1 at 9; Filing No. 34 at 11-12.

"A prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009); *see also Williams v. Silvey*, 375 F. App'x 648, 649, 2010 WL 1851037, at *1 (8th Cir. 2010). Filing a prison grievance is a protected First Amendment activity

4

*Lamar v. Payne*, 111 F.4th 902, 907 (8th Cir. 2024), and a reasonable jury could conclude that being charged with misconduct and disciplined would "chill a person of ordinary firmness from engaging in the First Amendment conduct," *Id*. at 908 (internal quotation omitted). A prisoner has a claim "when the prisoner alleges that prison officials filed disciplinary charges based upon false allegations against the prisoner in retaliation for the prisoner's participation in grievances against prison officials. *Id*. at 908–09 (quotation omitted). But "claims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule." *Id*. (quotation omitted).

In this case, it is undisputed that Plaintiff filed grievances against Miller, and two days later, Miller filed misconduct reports against Plaintiff, with Plaintiff receiving discipline based on these reports. But Plaintiff must also present evidence of a causal connection between his exercise of his First Amendment rights and the disciplinary charges against him. To withstand dismissal on Defendant's summary judgment motion, there must be some evidence that the misconduct reports against Plaintiff were false and filed by Miller because Plaintiff submitted grievances against Miller.

Based on the undisputed evidence, Miller did not know about Plaintiff's grievances when he filed misconduct reports against Plaintiff. Miller could not have been motivated to file misconduct reports in response to grievances he knew nothing about. *Lozman v. Riviera Beach*, 585 U.S. 87, 99 (2018) (holding the plaintiff likely could not maintain a First Amendment retaliation claim against the arresting officer where there was no showing that the officer knew of Plaintiff's prior speech). Plaintiff has not presented evidence that Miller's filing of misconduct reports was motivated by the Plaintiff's grievances against Miller.

5

Plaintiff also cannot show the misconduct reports were false. An inmate has no actionable claim of retaliation if a prison disciplinary committee finds the inmate guilty of the charged violations of prison regulations. *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994). Here, after conducting hearings on the misconduct reports, the DCDC Disciplinary Hearing Committee found Plaintiff guilty of the charged violations. Plaintiff was present at the hearings and had the opportunity to offer evidence and call witnesses, including the inmate who allegedly heard Miller say he was adding fabricated statements to the misconduct reports. Although Miller did not attend the hearings, "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as some evidence upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." *Sanders v. Hobbs*, 773 F.3d 186, 190 (8th Cir. 2014.).

After considering the evidence presented, the Committee found Plaintiff guilty on both charges of misconduct. This Committee finding "essentially checkmates" Plaintiff's retaliation claim. *Henderson,* 29 F.3d at 469.

Plaintiff has failed to present evidence in support of all elements of a prima facie case of First Amendment retaliation. Based on the undisputed facts, Defendant's motion for summary judgment must be granted.

Accordingly,

IT IS ORDERED:

1. Defendant Miller's motion for summary judgment, Filing No. 44, is granted.
2. The plaintiff's complaint is dismissed with prejudice.
3. A separate judgment will be entered.

6

Dated this 12th day of August, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge